UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS V. KARAGIANNIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-6109 |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS COMMUNITY COLLEGE | ) | |
| DISTRICT NO. 502 (COLLEGE OF DUPAGE), | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, THOMAS V. KARAGIANNIS, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant COLLEGE OF DUPAGE, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

1

## PARTIES

3. Plaintiff, THOMAS V. KARAGIANNIS ("Plaintiff"), was at all times relevant to this suit an adult male over 40 with a disability, residing in Downers Grove, Illinois. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, ILLINOIS COMMUNITY COLLEGE DISTRICT NO. 502 (COLLEGE OF DUPAGE) ("Defendant"), is an Illinois Municipal Entity duly organized and doing business in Illinois, with its primary location at 425 Fawell Blvd., Glen Ellyn, Illinois 60137. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 20 full-time employees and therefore is a covered employer under Title VII, the ADA, and ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about June 2, 2024, Plaintiff timely filed Charges of Discrimination alleging age and sex discrimination, disability discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2024-08296 against Defendant.

6. On March 5, 2025, Plaintiff received a Notice of Right to Sue from the EEOC.

7. Therefore, Plaintiff's Complaint was filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

8. In or about January 2019, Plaintiff was hired by College of DuPage; in or around March 2019, Plaintiff began working as a dentist in its Department of Dental Hygiene.

9. Plaintiff is over 40 years old. His year of birth is 1959.

10. Plaintiff suffers from disabilities protected by the ADA.

11. College of DuPage was apprised of Plaintiff's age, disabilities, and sex.

12. Plaintiff performed his job satisfactorily within legitimate expectations of College of DuPage.

13. At all times relevant hereto, Meghan McHugh (female) and Marliene Tobin (female) were dental hygienists.

14. On or about October 3, 2022, Ms. McHugh interfered with Plaintiff's job duties as a supervising dentist, by harassing him and treating him as a subordinate, undermining him in front of the dental hygiene students. Ms. McHugh and Ms. Tobin would harass Plaintiff continuously.

15. On October 6, 2022, Plaintiff reported the incidents to both Dr. Jared Deane, the Dean of the Department, and to the Human Resources Partner, Ms. Debbie Wendling; Plaintiff also emailed Dr. Deane and Ms. Wendling, giving a detailed account of what transpired.

16. On September 11, 2023, Ms. Hugh and Ms. Tobin again interfered with Plaintiff's job duties as a supervising dentist, by again undermining his authority as the supervising dentist, including violating laws, including HIPAA and Illinois Dental Practice Act. These actions were sanctioned by the Chairwoman of the Dental Hygiene Department, Ms. Lori Drummer.

17. On October 10, 2023, Plaintiff again reported the discrimination to Human Resources.

18. On October 16, 2023, Plaintiff received an email from Dr. Jared Deane, instructing him not to show for work until further notice, advising that Defendant was still investigating his CPR/BLS card that Plaintiff had submitted.

19. On October 19, 2023, Plaintiff met with Ms. Alma Camarena, Human Resources Director, and Mr. Matt Jarzynsky, Human Resource Partner, to discuss Plaintiff's complaints.

20. On October 23, 2023, Plaintiff picked up his complete personnel file from Defendant's Human Resource Department. There were no negative comments, disciplinary actions or infractions noted in his personnel file.

21. On October 31, 2023, without being allowed to have counsel present, Plaintiff met with Dr. Jared Deane via Zoom regarding Plaintiff's submission of his CPR/BLS card, where he was wrongfully accused of submitting a forged card. These unwarranted allegations are pretext for discrimination and retaliation against Plaintiff for reporting the illegal acts of Defendant.

22. On November 20, 2023, in true discriminatory and retaliatory fashion, Plaintiff received an email from Dr. Jared Deane advising that his employment had been terminated as of that date.

23. On November 30, 2023, Plaintiff met with Ms. Camarena to discuss the results of her alleged investigation of Plaintiff's complaints, which she claimed were unfounded, although she did not provide any detailed tangible reporting of her investigation. In fact, no official report has ever been provided regarding the investigation of Plaintiff's complaints.

24. On December 5, 2023, Plaintiff received an email from Ms. Camarena, with a formal investigation closure letter attached.

25. Because of Plaintiff's age, sex, and his disability, Plaintiff was subjected to disparate treatment and discrimination, including termination by Defendant.

26. Because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and ultimately termination on November 20, 2023.

4

## COUNT I — AGE DISCRIMINATION
## **AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. § 621, et. seq.**

27. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

28. Plaintiff is over forty (40) years old. His year of birth is 1959, and therefore a member of a protected class.

29. Plaintiff performed his job in a satisfactory manner, within legitimate expectations of his employer.

30. The ADEA prohibits discrimination and/or harassment of a person because the individual is age 40 or older.

31. By the conduct described above, Defendant and its agents intentionally discriminated against Plaintiff in his employment because of his age, in violation of the Age Discrimination in Employment Act.

32. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, THOMAS V. KARAGIANNIS, respectfully requests that this Court enter judgment in his favor and against Defendant COLLEGE OF DUPAGE as follows:

A. Declare, decree, and adjudge that the Defendant violated the ADEA;

B. Grant an injunction against the Defendant from violating the ADEA and to protect other employees over forty from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II — DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et. seq.

33. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

34. Defendant is an employer, as defined by the ADA.

35. Plaintiff has been diagnosed with disabilities protected by the ADA.

36. Plaintiff satisfied the prerequisites of and was qualified to perform the essential functions of his job with or without reasonable accommodation.

37. The ADA prohibits discrimination against a qualified individual with a disability because of the disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. See 42 U.S.C. § 12112(a).

38. Nevertheless, Defendant discriminated against Plaintiff because he suffered from the aforementioned disabilities.

39. Similarly situated employees without a disability were treated more favorably by Defendant.

40. Therefore, Plaintiff suffered an adverse employment action by Defendant because of his disability.

41. Defendant's discrimination constitutes unlawful discrimination in direct violation of ADA.

WHEREFORE, Plaintiff, THOMAS V. KARAGIANNIS, respectfully requests that this Court enter judgment in his favor and against the Defendant COLLEGE OF DUPAGE as follows:

A. Declare, decree, and adjudge that the Defendant violated ADA;

B. Grant an injunction against the Defendant from violating ADA and to protect other employees with disabilities from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order the Defendant to pay the Plaintiff compensatory and punitive damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**

42. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

43. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations.

44. Defendant discriminated against Plaintiff by refusing to accommodate his desire of a safe and free non-discriminatory work place and for discriminating against him due to his sex, creating a hostile work environment, in violation of Title VII.

45. Defendant's disparate treatment due to Plaintiff's sex constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, THOMAS V. KARAGIANNIS, respectfully requests that this Court enter judgment in his favor and against Defendant COLLEGE OF DUPAGE as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT IV – RETALIATION
### TITLE VII / ADA / ADEA

46. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

47. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

8

48. Plaintiff, being over 40 years of age and having a disability, is a member of a protected class under Title VII, ADA, and ADEA.

49. Plaintiff engaged in a protected activity by reporting discriminatory acts by Defendant.

50. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff, including refusing to promote him due to discriminatory and retaliatory reasons.

51. Defendant's decision to discriminate and retaliate against Plaintiff was solely motivated by the fact that he reported discrimination.

52. Defendant would not have retaliated against Plaintiff had he not reported the discrimination. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

53. Defendant's retaliation against Plaintiff constitutes unlawful discrimination in direct violation of Title VII, the ADA, and ADEA.

54. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, THOMAS V. KARAGIANNIS, respectfully requests that this Court enter judgment in his favor and against Defendant COLLEGE OF DUPAGE as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII, ADA, and ADEA;

B. Grant an injunction against Defendant from violating Title VII, ADA, and ADEA and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: June 1, 2025

    /s    Antonio L. Jeffrey
Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
1301 W. 22nd Street, Suite 308
Oak Brook, Illinois 60523
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com